UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KATHRYN BLYTHE,

                                        Plaintiff,

                                                              **ANSWER**

                  -against-

THE CITY OF NEW YORK, THE NEW YORK                            08 CV 2843 (RRM) (CLP)
CITY  DEPARTMENT  OF  EDUCATION,  and
RAFAELA  ESPINAL-PACHECO,  in  individual
capacity,  VICKY  BROADHURST,  in  individual
capacity, and OFFICER MATHEW POMEIJOU, in
his individual capacity,

                                        Defendants.

------------------------------------------------------------------------x

         Defendants, Rafaela Espinal-Pacheco, Vicky Broadhurst, and Police Officer Bijou

Mathew[1], ("individual defendants"), by their attorney, **MICHAEL A. CARDOZO**, Corporation

Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege as

follows:

         1.       Deny the allegations set forth in Paragraph "1" of the Complaint except

admit that plaintiff purports to set forth a basis for the action.

         2.       Deny the allegations set forth in Paragraphs "2" of the Complaint except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

         3.       Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "3" of the Complaint except admit that plaintiff purports

to proceed as set forth therein.

         4.       Deny the allegations set forth in Paragraph "4" of the Complaint except

admit that the City of New York ("City") is a municipal corporation organized and existing

---

[1] Incorrectly served herein as Officer Mathew Pomeijou.

under the Constitution and laws of the State of New York, and that the City employed individual defendants Espinal-Pacheco and Broadhurst, and Police Officer Bijou Mathew.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the New York City Department of Education ("DOE") employed plaintiff as a teacher and respectfully refers the Court to New York State Education Law § 2590 et seq. for a complete and accurate description of the organization, powers, and purpose of the Department.

6.      Deny the allegations set forth in Paragraph "6" of the Complaint except admit that defendant Rafaela Espinal-Pacheco was formerly employed as a School Principal by the DOE and that plaintiff purports to proceed as set forth therein.

7.      Deny the allegations set forth in Paragraph "7" of the Complaint except admit that defendant Vicky Broadhurst is employed as an Assistant Principal by the DOE and that plaintiff purports to proceed as set forth therein.

8.      Deny the allegations set forth in Paragraph "8" of the Complaint except admit that Bijou Mathew is a Police Officer with the New York City Police Department and that plaintiff purports to proceed as set forth therein.

9.      Deny the allegations set forth in Paragraph "9" of the Complaint except admit that plaintiff has been employed by the DOE since in or about 1985.

10.      Deny the allegations set forth in Paragraph "10" of the Complaint, except admit that plaintiff is a tenured teacher, and respectfully refer the Court to a copy of the collective bargaining agreement referred to therein for a complete and accurate statement of its contents.

11.      Deny the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.     Deny the truth of the allegations set forth in Paragraph "12" of the Complaint.

12.a.    Deny the truth of the allegations set forth in Paragraph "12.a" of the Complaint except admit that plaintiff was hired as a Temporary Per Diem Teacher by the DOE in or about 1985.

12.b.    Deny the truth of the allegations set forth in Paragraph "12.b" of the Complaint except admit that plaintiff holds a Permanent Certificate to teach Nursery, Kindergarten, and Grades 1-6.

12.c.    Deny the truth of the allegations set forth in Paragraph "12.c" of the Complaint.

12.d.    Deny the truth of the allegations set forth in Paragraph "12.d" of the Complaint.

12.e.    Deny the truth of the allegations set forth in Paragraph "12.e" of the Complaint.

12.f.    Deny the truth of the allegations set forth in Paragraph "12.f" of the Complaint except admit that defendant Espinal-Pacheco is Hispanic.

12.g.    Deny the truth of the allegations set forth in Paragraph "12.g" of the Complaint.

12.h.    Deny the truth of the allegations contained in the third sentence as set forth in Paragraph "12.h" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph "12.h" of the Complaint.

12.i.    Deny the truth of the allegations in sentences as set forth in Paragraph "12.i" of the Complaint.,

12.j.    Deny the truth of the allegations set forth in Paragraph "12.j" of the Complaint except admit that plaintiff wrote to defendant Espinal-Pacheco regarding room assignments.

12.k.    Deny the truth of the allegations set forth in Paragraph "12.k" of the Complaint except deny knowledge or information sufficient to form a belief as to which position plaintiff was allegedly running for.

12.l.    Deny the allegations set forth in Paragraph "12.l" of the Complaint.

12.m.    Deny the truth of the allegations set forth in Paragraph "12.m" of the Complaint except admit a letter dated June 19, 2006 was addressed to plaintiff from defendant Espinal-Pacheco and refer the court to it for a statement of its contents.

12.n.    Deny the truth of the allegations set forth in Paragraph "12.n" of the Complaint.

12.o.    Deny the truth of the allegations set forth in sentences 1, 3, 4, and deny knowledge or information sufficient to form a belief as to the truth of sentences 2, 5, and 7, of Paragraph "12.o" of the Complaint, except admit a letter dated June 19, 2006 was addressed to plaintiff from defendant Espinal-Pacheco about the fact that plaintiff had left a class unattended and refer the court to it for a statement of its contents.

12.p.    Deny the truth of the allegations set forth in Paragraph "12.p" of the Complaint.

12.q.    Deny the truth of the allegations set forth in Paragraph "12.q" of the Complaint.

12.r.    Deny the truth of the allegations set forth in Paragraph "12.r" of the Complaint except admit that plaintiff was served charges pursuant to New York Education Law § 3020-a on or about June 22, 2007.

12.s.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12.s" of the Complaint, except admit that Ms. Santiago was the parent coordinator at P.S. 147.

12.t.    Deny knowledge or information sufficient to form a belief as to what plaintiff said to the parent as alleged in Paragraph "12t" of the Complaint, except admit that the father of the student came to the school to see plaintiff.

12.u.    Deny the truth of the allegations set forth in Paragraph "12.u" of the Complaint, except admit that Ms. Broadhurst spoke to the plaintiff regarding complaints received from a parent who was upset with how plaintiff spoke to her daughter.

12.v.    Deny the truth of the allegations set forth in Paragraph "12.v" of the Complaint.

12.w.    Deny  the truth of the allegations set forth in Paragraph "12.w" of the Complaint except admit that plaintiff returned to her classroom.

12.x.    Deny the truth of the allegations set forth in Paragraph "12.x" of the Complaint except admit that Ms. Broadhurst dismissed the students in plaintiff's classroom.

12.y.    Deny the truth of the allegations set forth in Paragraph "12.y" of the Complaint except admit that a complaint had been lodged against plaintiff.

12.z.    Deny the truth of the allegations set forth in Paragraph "12.z" of the Complaint.

12.aa.    Deny the truth of the allegations set forth in Paragraph "12.aa" of the Complaint.

12.bb.    Deny the truth of the allegations set forth in Paragraph "12.bb" of the Complaint.

12.cc.    Deny  the truth of the allegations set forth in Paragraph "12.cc" of the Complaint except admit that plaintiff was notified of her reassignment to a non-teaching position on or about February 15, 2007.

12.dd.    Deny the truth of the allegations set forth in Paragraph "12.dd" of the Complaint except admit that plaintiff was placed on the DOE Ineligible/Inquiry List.

12.ee.    Deny the truth of the allegations set forth in Paragraph "12.ee" of the Complaint except admit that a letter dated May 31, 2007 was addressed to plaintiff from defendant Espinal-Pacheco and refer the court to it for a statement of its contents.

12.ff.    Deny the truth of the allegations set forth in Paragraph "12.ff" of the Complaint.

12.gg.    Deny the truth of the allegations set forth in Paragraph "12.gg" of the Complaint except admit a letter dated June 25, 2007 was addressed to plaintiff from Theresa Europe and refer the court to it for a statement of its contents.

12.hh.    Deny the truth of the allegations set forth in Paragraph "12.hh" of the Complaint.

12.ii.    Deny the truth of the allegations set forth in Paragraph "12.ii" of the Complaint.

13.    Deny the allegations set forth in Paragraph "13" of the Complaint.

14.    Deny the allegations set forth in Paragraph "14" of the Complaint.

15.     Deny the allegations set forth in Paragraph "15" of the Complaint.

16.     Deny the allegations set forth in Paragraph "16" of the Complaint.

17.     Deny the allegations set forth in Paragraph "17" of the Complaint.

18.     Deny the allegations set forth in Paragraph "18" of the Complaint.

19.     In response to paragraph "19" of Complaint, the individual defendants repeat and re-allege their responses to Paragraphs "1" through "18" of the Complaint, all subparagraphs included as if fully set forth herein.

20.     Deny the allegations set forth in Paragraph "20" of the Complaint.

21.     In response to paragraph "21" of Complaint, the individual defendants repeat and re-allege their responses to Paragraphs "1" through "20" of the Complaint, all subparagraphs included as if fully set forth herein.

22.     Deny the allegations set forth in Paragraph "22" of the Complaint.

23.     In response to paragraph "23" of Complaint, the individual defendants repeat and re-allege their responses to Paragraphs "1" through "22" of the Complaint, all subparagraphs included as if fully set forth herein.

24.     Deny the allegations set forth in Paragraph "24" of the Complaint.

25.     In response to paragraph "25" of Complaint the individual defendants repeat and re-allege their responses to Paragraphs "1" through "24" of the Complaint, all subparagraphs included as if fully set forth herein.

26.     Deny the allegations set forth in Paragraph "26" of the Complaint.

## AS AND FOR A FIRST DEFENSE

27.     The Complaint fails to state any claim against the individual defendants upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

28.     Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE

29.     Plaintiff has failed to exhaust her administrative remedies.

### AS AND FOR A FOURTH DEFENSE

30.     At all times relevant to the acts alleged in the Complaint, the individual defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, non-retaliatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule or regulation.

### AS AND FOR A FIFTH DEFENSE

31.     The individual defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

### AS AND FOR A SIXTH DEFENSE

32.     Plaintiff's claims may be barred by the doctrines of collateral estoppel and/or res judicata.

### CONCLUSION

**WHEREFORE,** the individual defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              November 19, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 2-107
New York, N.Y. 10007-2601
212-788-8703

By: _____
          Donna A. Canfield (DC2430)
           Assistant Corporation Counsel

To:    Ambrose Wotorson, Esq.
       Attorney for Plaintiff
       26 Court Street, Suite 1811
       Brooklyn, New York 11242

## CERTIFICATE OF SERVICE

I, Donna A. Canfield, hereby certify that on this date, I caused a copy of the foregoing Defendants' Answer to Plaintiff's Complaint to be served upon plaintiffs by placing a copy in a pre-addressed, stamped envelope directed to:

> Ambrose Wotorson, Esq.
> Attorney for Plaintiff
> 26 Court Street, Suite 1811
> Brooklyn, New York 11242

that being the address designated by plaintiff for such service, and placing that envelope in a depository under the exclusive care and control of the United States Postal Service.

Dated:     New York, New York
           November 19, 2008

_____
Donna A. Canfield

08 CV 2843 (RRM) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KATHRYN BLYTHE,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, and RAFAELA
ESPINAL-PACHECO, in individual capacity, VICKY
BROADHURST, in individual capacity, and OFFICER
MATHEW POMEIJOU, in his individual capacity,

Defendants.

## ANSWER

### MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street, Room 2-107
New York, New York 10007-2601

Of Counsel: Donna A. Canfield
Tel.: 212-788-8703

LM No.: 2008-027609

*Service of which is hereby acknowledged:*

........................................, N.Y. Dated: ...........................................

Signed: ..............................................................................................

Print Name: .......................................................................................

Attorney for: .....................................................................................