

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
phone: (212) 788-8703
fax:  (212) 788-8877*
mobile: (917) 573-3480
email: dcanfiel@law.nyc.gov

June 25, 2010

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza
East Brooklyn, New York 11201

        Re:  <u>Blythe v. City of New York, et al.</u>
             08 Civ.-2843 (RRM)(CLP)
             Law Dep't Matter No.: 2008-027609

Dear Honorable Judge Mauskopf:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. I write, pursuant to Your Honor's Individual Practice Rules, to request a pre-motion conference concerning defendants' anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**Background**

      Plaintiff, a tenured teacher with the New York City Department of Education ("DOE"), brings this action alleging race discrimination and retaliation pursuant to 42 U.S.C. §§ 1981 and 1983 against the City, the DOE and two individually-named defendants: Rafaela Espinal-Pacheco, former Principal of P.S. 147, and Vicky Broadhurst, former Assistant Principal of P.S. 147. Plaintiff also alleges false arrest, false imprisonment and an unnecessary strip search pursuant to 42 U.S.C. §§ 1983 and 1985 against the City, the DOE and four individually-named defendants: Rafaela Espinal-Pacheco, Vicky Broadhurst, Police Officer Mathew Bijou [sic], and Lieutenant Gallagher of the New York City Police Department ("NYPD"), 90th Precinct. [1]

---

[1] Upon information and belief, defendant Gallagher was never served the Amended Complaint, and is therefore not a party to the action.

Honorable Roslynn R. Mauskopf
Blythe v. City of New York, et al.
June 25, 2010
Page 2

Specifically, plaintiff alleges that between September 2004 and June 2007, while she was an elementary school teacher at P.S. 147 she was: (1) discriminated against on the basis of race (African-American); (2) retaliated against for purportedly speaking out on "matters of public concern in connection with plaintiff's campaign for the position of Chapter Leader"; (3) unlawfully arrested, falsely imprisoned, and unnecessarily strip searched after she was taken into custody following a complaint lodged against her for endangering the welfare of a child; and (4) stigmatized by her assignment to an administrative office while Education Law § 3020-a charges were pending against her.

The § 3020-a charges preferred against plaintiff include: physically abusing a student, engaging in conduct unbecoming her profession, excessive absenteeism and neglect of duty during the 2005-2006 and 2006-2007 school years. A hearing was conducted over seven days, in which plaintiff was represented by counsel and had the opportunity to present evidence and cross-examine witnesses. On May 11, 2010, the impartial hearing officer issued an opinion which sustained 4 of the 7 charges[2] against plaintiff and determined that plaintiff should be suspended without pay until the end of the 2010-2011 school year.

**Grounds for Summary Judgment**

To establish a prima facie case of race discrimination, plaintiff must demonstrate that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) the adverse employment action took place under circumstances that give rise to an inference of discrimination. Whidbee v. Garzarelli Food Specialties, 223 F.3d 62, 69 (2d Cir. 2000); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d. Cir. 1999). If a *prima facie* case is established, the burden of production, but not persuasion, shifts to the employer to set forth a legitimate non-discriminatory reason for the termination. St. Mary's Honor Society v. Hicks, 509 U.S. 502, 509 (1993). Once the employer has met its burden of showing a legitimate, non-discriminatory reason for the employment action, the employee must then show that the reason advanced is pretextual, i.e., that it masks the employer's true discriminatory reason for its actions. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981).

Here, plaintiff cannot establish a prima facie case of race discrimination under 42 U.S.C. §§ 1981 and 1983 because she cannot demonstrate that the alleged adverse action of being brought up on charges occurred under circumstances giving rise to an inference of discrimination. Indeed, most of the charges against plaintiff were sustained by the impartial hearing officer, including the most serious charge that plaintiff physically abused a student. See Collins v. New York City Transit Auth., 305 F.3d 113, 119 (2d Cir. 2002) ("Where an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive.").

---

[2] Plaintiff was found guilty of charges 1, 2, 4 (in part) and 7. She was found not guilty of charges 3, 4, (in part), 5 and 6.

Plaintiff's retaliation claims brought under 42 U.S. C. §§ 1981 and 1983 must be dismissed because plaintiff did not engage in any activity protected under those statutes. See Saulpaugh v. Monroe Community Hosp., 4 F.3d 134 (2d Cir. 1993), cert. denied, 510 U.S. 1164 (1994)(No § 1983 for retaliation covered by Title VII's provisions); Hawkins v. 1115 Legal Services Care, 163 F.3d 684, 693 (2d Cir. 1998) (Only provides relief for retaliation for 1981 protected activity and not for Title VII protected activity). Further, even if plaintiff could show that she engaged in protected activity, her retaliation claims must be dismissed because, as noted above, she cannot establish a causal connection between her complaints of perceived discrimination in the school and the fact that she was charged, and subsequently penalized, under Education Law § 3020-a.

Plaintiff's due process claims under 42 U.S.C. § 1983 fail because she cannot establish that she was denied a constitutionally protected liberty interest by being assigned to an administrative office while Education Law § 3020-a charges were pending. For plaintiff to state a deprivation of liberty interest claim, she "must first [allege] that [her] employer published stigmatizing information which is, at least arguably, false, and second that, as a result of that stigma, [s]he has been foreclosed from a range of other employment opportunities." Federico v. Board of Educ., 955 F. Supp. 194, 199 (S.D.N.Y. 1997). Here, the record contains no evidence that defendants published any false information about plaintiff or that plaintiff is foreclosed from any employment opportunities.

Moreover, all of plaintiff's claims under 42 U.S.C. § 1983 against the City and the DOE must be dismissed because the record is devoid of any facts establishing that the alleged violations were the result of an official policy or custom. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978); Owen v. Haas, 601 F.2d 1242 (2d Cir.), cert. denied, 444 U.S. 980 (1979). Proof of a single incident of unconstitutional activity is insufficient to demonstrate the existence of a custom or policy. City of Oklahoma v. Tuttle, 471 U.S. 808, 821 (1985).

Likewise, all of plaintiff's claims against the individual defendants must be dismissed because they are entitled to qualified immunity, and because plaintiff cannot show that any of the individual defendants were personally involved in any alleged deprivations of her constitutional rights. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983). Moreover, under § 1983, liability of defendants in supervisory positions cannot be premised on respondeat superior or because the defendant held a supervisory position. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).

Finally, plaintiff cannot establish a conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985. To be sure, "in order to maintain an action under Section 1985(3), a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." See Pinero v. Long Island State Veterans Home, 375 F. Supp. 2d 162, 169 (E.D.N.Y. 2005), citing Webb v. Goord, 340 F.3d 105, 110, 11 (2d Cir. 2003) quoting Romer v. Morgenthau, 119 F. Supp.2d 346, 363 (S.D.N.Y. 2000). In the context of a § 1983 claim, a conspiracy is a combination of two of more person acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. See Carson v. Lewis, 35

Honorable Roslynn R. Mauskopf
Blythe v. City of New York, et al.
June 25, 2010
Page 4

F. Supp. 2d 250, 271 (E.D.N.Y. 1999).  Here, there is not one iota of evidence supporting such claims.  In any event, under the "intracorporate conspiracy" doctrine, the officers, agents, and employees of a single corporate entity, each acting within the scope of their employment, are legally incapable of conspiring together.  See Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978).

      For the foregoing reasons, defendants respectfully request that the Court hold a pre-motion conference, or, in the alternative, permit the parties to establish a briefing schedule for defendants' anticipated motion for summary judgment.

      I thank the Court for its consideration of this request.

Respectfully submitted,

By:     /s/
Donna A. Canfield
Assistant Corporation Counsel

cc:    Ambrose W. Wotorson, Jr.
       Attorney for Plaintiff
       (By ECF)